# United States Court of Appeals

*for the*

# Third Circuit

Case No. 22-2771

DESHAWN DRUMGO,

*Plaintiff-Appellant,*

– v. –

SGT. WILLIAM KUSCHEL,

*Defendant-Appellee.*

ON APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE IN CASE NO. 1-14-CV-01135
HONORABLE COLM F. CONNOLLY, DISTRICT JUDGE

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

RYAN A. RICHMAN
CONNOR E. PHALON
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
rrichman@mccarter.com
cphalon@mccarter.com

– and –

DEAN A. ELWELL
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
(617) 449-6500
delwell@mccarter.com

KATE R. BUCK
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
kbuck@mccarter.com

*Attorneys for Plaintiff-Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

ARGUMENT ..................................................................................................... 1

I.  Kuschel's *State Farm* Argument Overlooks Significant
    Procedural and Substantive Deficiencies with the
    District Court's Decision ......................................................................... 1

    A.  Reprehensibility ........................................................................... 1

    B.  Disparity ....................................................................................... 7

II. *Dunn*'s Substantial Deference Standard Remains Good Law,
    and The District Court Failed to Accord Such Deference to
    the Jury's Punitive Damages Award .................................................... 9

CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Alexander v. Riga*,
208 F.3d 419 (3d Cir. 2000) ............................................................................11

*Bagot v. Ashcroft*,
398 F.3d 252 (3d Cir. 2005) .............................................................................3

*Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*,
877 F.3d 136 (3d Cir. 2017) ........................................................................1, 2

*BMW of N. Am., Inc. v. Gore*,
517 U.S. 559 (1996)...........................................................................................8

*CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*,
499 F.3d 184 (3d Cir. 2007) ............................................................................11

*Clark v. Chrysler Corp.*,
436 F.3d 594 (6th Cir. 2006) .............................................................................5

*Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*,
532 U.S. 424 (2001)...........................................................................................4

*Cortez v. Trans Union, LLC*,
617 F.3d 688 (3d Cir. 2010) ..............................................................................6

*Day v. McDonough*,
547 U.S. 198 (2006)...........................................................................................2

*Dunn v. HOVIC*,
1 F.3d 1371 (3d Cir.) (en banc), *as modified*, 13 F.3d 58 (3d Cir. 1993) ....9, 10

*Gertz v. Robert Welch, Inc.*,
418 U.S. 323 (1974)...........................................................................................4

*Gov't of the V.I. v. Mills*,
821 F.3d 448 (3d Cir. 2016) .........................................................................5, 10

*Jester v. Hutt*,
937 F.3d 233 (3d Cir. 2019) ............................................................................10

*Keenan v. City of Phila.*,
983 F.2d 459 (3d Cir. 1992) ..............................................................................7

*Kidis v. Reid*,
    976 F.3d 708 (6th Cir. 2020) ............................................................3

*Lampley v. Onyx Acceptance Corp.*,
    340 F.3d 478 (7th Cir. 2003) ............................................................9

*Lompe v. Sunridge Partners, LLC*,
    818 F.3d 1041 (10th Cir. 2016) .....................................................3, 4

*Mullin v. Balicki*,
    875 F.3d 140 (3d Cir. 2017) .............................................................2

*Pac. Mut. Life Ins. Co. v. Haslip*,
    499 U.S. 1 (1991).....................................................................6, 9, 11

*Ramos v. Louisiana*,
    140 S. Ct. 1390 (2020)......................................................................2

*Ricks v. Shover*,
    891 F.3d 468 (3d Cir. 2018) .............................................................7

*Simko v. U.S. Steel Corp.*,
    992 F.3d 198 (3d Cir. 2021) .............................................................1

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
    538 U.S. 408 (2003)...........................................................1, 2, 9, 10

*TXO Prod. Corp. v. All. Res. Corp.*,
    509 U.S. 443 ....................................................................................6

*United States v. Cooper*,
    243 F.3d 411 (7th Cir. 2001) ............................................................2

*United States v. Olano*,
    507 U.S. 725 (1993)..........................................................................1

*Webb v. City of Phila.*,
    562 F.3d 256 (3d Cir. 2009) .............................................................3

*Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*,
    399 F.3d 224 (3d Cir. 2005) .............................................8, 9, 10, 11

*Wood v. Milyard*,
    566 U.S. 463 (2012)......................................................................1, 2

**Statutes and Other Authorities:**

U.S. Dep't of Just., Office of Just. Programs, Bureau of Just. Stat.,
*Sexual Victimization Reported by Adult Correctional
Authorities, 2016–2018* (June 2021),
https://bjs.ojp.gov/library/publications/sexual-victimization-reported-
adult-correctional-authorities-2016-2018 ........................................................7

U.S. Dep't of Just., Office of Just. Programs, Bureau of Just. Stat.,
*Substantiated Incidents of Sexual Victimization Reported by
Adult Correctional Authorities, 2016–2018* (Jan. 2023),
https://bjs.ojp.gov/library/publications/substantiated-incidents-sexual-
victimization-reported-adult-correctional ........................................................8

<u>**ARGUMENT**</u>

I.   **Kuschel's *State Farm* Argument Overlooks Significant Procedural and Substantive Deficiencies with the District Court's Decision.**

A.   **Reprehensibility**

Sgt. William Kuschel's ("Kuschel") legal analysis is flawed in several respects.   ***First***, Kuschel argues that his "failure to argue the reprehensibility prong . . . is more akin to a forfeiture than a waiver."  D.I. 26 at 7 n.1.  Not so.  As this Court held in *Barna v. Board of School Directors of Panther Valley Sch. District* and reiterated in *Simko v. United States Steel Corp.*, both of which DeShawn Drumgo ("Drumgo") cited on page 8 of his opening brief, "Forfeiture is the failure to make the timely assertion of a right, an example of which is an inadvertent failure to raise an argument.   Waiver, in contrast, is the intentional relinquishment or abandonment of a known right." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (brackets and quotations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)); *Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205 (3d Cir. 2021).  "[T]he distinction can carry great significance," *Barna*, 877 F.3d at 146, as "a federal court has the authority to resurrect only forfeited defenses," *Wood v. Milyard*, 566 U.S. 463, 471 (2012).

Kuschel did not merely neglect to argue reprehensibility—he affirmatively "determined that an argument that the reprehensibility prong is not met would be inappropriate."  A18 n.4 (quoting A453 n.1).  Where, as here, a litigant informs the

court that he or she declines to make an argument, that argument is waived. *Barna*, 877 F.3d at 147 (citing *Wood*, 566 U.S. at 465). Whatever the "understanding" of Kuschel's trial counsel, D.I. 26 at 7, they expressly declined to make an argument as to reprehensibility. That is a waiver. *See Barna*, 877 F.3d at 146–47 (quoting *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001) ("We have found waiver where either a defendant or his attorney expressly declined to press a right.")); *see also Mullin v. Balicki*, 875 F.3d 140, 154 (3d Cir. 2017) ("It is well established that clients must be held accountable for the acts and omissions of their attorneys." (quotations omitted)).

***Second***, Kuschel tries to justify the District Court's resurrection of that waived argument as somehow required by its obligation to apply *State Farm Mutual Automobile Insurance Co. v. Campbell*. D.I. 26 at 8 (citing *Ramos v. Louisiana*, 140 S. Ct. 1390, 1416 (2020) (Kavanaugh, J., concurring)). *State Farm* merely sets forth the legal standard. 538 U.S. 408, 418 (2003). It does not authorize the District Court to step into Kuschel's shoes, "override [his] deliberate waiver," *see Day v. McDonough*, 547 U.S. 198, 202 (2006), and make a reprehensibility argument on his behalf.

***Third***, contending that "this Court retains the discretion to address an issue that was waived below," D.I. 26 at 8, Kuschel cites cases holding that an appellate court may, in "exceptional circumstances," consider a claim raised for the first time

on appeal, *Webb v. City of Phila.*, 562 F.3d 256, 263 (3d Cir. 2009); *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005). But that is not the issue here. The issue here is that Kuschel waived ***in the District Court*** any argument as to reprehensibility, yet the District Court made one for him. This is particularly concerning given the history of this case, in which the same Session of the District Court twice granted summary judgment in Kuschel's favor, and this Court twice reversed.

***Finally***, Kuschel mischaracterizes the District Court's reprehensibility analysis. D.I. 26 at 9–13. To be clear, the District Court made ***no*** findings about the five reprehensibility subfactors. In lieu of any findings, Kuschel now proposes an application of the subfactors. His proposal does not withstand scrutiny.

Kuschel suggests that the District Court's new, citation-free standard for reprehensibility is actually its application of the first reprehensibility subfactor. *Id.* at 9. Moreover, Kuschel contends that to satisfy this subfactor, evidence of "actual injury" is required. *Id.* at 9–10. Kuschel elides any explanation as to how he reads "the harm caused was physical as opposed to economic" to require "actual injury," how he defines "actual injury," or why an unconstitutional sexual assault does not constitute an "actual injury." Rather, he cites *Kidis v. Reid*, *id.*, but what "undermined" the punitive damages award in *Kidis* was a jury's finding that the defendant's excessive force was not a proximate cause of the plaintiff's injuries, 976 F.3d 708, 716 (6th Cir. 2020). Kuschel also cites *Lompe v. Sunridge Partners, LLC*,

D.I. 26 at 10, which credited the district court's finding on the first reprehensibility subfactor, but which did not even remotely suggest that an actual injury is needed to support a punitive damages award, 818 F.3d 1041, 1065–66 (10th Cir. 2016).[1]

The point is worth repeating: punitive damages are not awarded "to repay for 'actual harm.'" *Compare* D.I. 26 at 9–10, *with Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974) ("[Punitive damages] are not compensation for injury."). "Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence." *Gertz*, 418 U.S. at 350. Here, the jury awarded punitive damages "to punish [the] defendant and to deter the defendant, and others like the defendant, from committing in [sic] such conduct in the future." A338.

The rest of Kuschel's reprehensibility argument is equally meritless. He asserts that because the jury did not check a box on the verdict form, the second and fifth subfactors are not met. D.I. 26 at 10–11. This assertion ignores the fact that the jury was instructed to award punitive damages only if it found that the sexual assault was done "maliciously or wantonly . . . ." A338–A339. Under the usual presumption, which Kuschel makes no attempt to rebut, the jury is presumed to have

---

[1] Unlike the District Court here, the district court in *Lompe* made factual findings on the reprehensibility subfactors. 818 F.3d at 1065–66. Contrary to Kuschel's suggestion, D.I. 26 at 13, it is those factual findings that warrant appellate deference, *see Lompe*, 818 F.3d at 1065. Where, as here, a district court fails to make factual findings on the reprehensibility subfactors, it loses its "superior vantage over courts of appeals" and deserves no deference. *See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 440 (2001).

followed the District Court's instructions.  *See Gov't of the V.I. v. Mills*, 821 F.3d 448, 463 (3d Cir. 2016).  Thus, in awarding punitive damages, the jury is presumed to have made the requisite finding.

With respect to the third subfactor, Kuschel incorrectly suggests that Drumgo "admitted below" that he was not financially vulnerable, D.I. 26 at 11, when in reality Drumgo wrote, "Finally, factor (3), which considers financial vulnerability, was not an element of Plaintiff's claim, but there can be no doubt given the context of this case, that Plaintiff was in a financial, institutional, and socially vulnerable position compared to the Defendant," A438.  Kuschel further attempts to downplay Drumgo's vulnerability by inverting case law recognizing that financial vulnerability is particularly relevant when the harm inflicted is economic, thereby implying that because the harm inflicted on Drumgo was physical, the significance of his vulnerability is somehow "diminished."  D.I. 26 at 11 (citing *Clark v. Chrysler Corp.*, 436 F.3d 594, 604 (6th Cir. 2006)).

As for the fourth subfactor, Kuschel argues that "it is not clear whether the jury was persuaded" by other inmates' testimony that they, too, were sexually assaulted by Kuschel.  *Id.* at 12.  Of course, if it really were unclear, the jury's finding should be respected.  But it was abundantly clear that the jury believed that Kuschel deserved to be punished in the amount of $500,000, regardless of whether his sexual

abuse was inflicted upon just one or more than one inmate. The District Court should have deferred to that finding. *See infra* Section II.

Separately, Kuschel offers a defense of the District Court's punitive considerations, which fares no better. D.I. 26 at 22–26. Kuschel's unsupported contention that prospective correctional officers will be "dissuaded [from] . . . performing their jobs" commits the same logical fallacy as that of the District Court. *Compare id.* at 24, *with* A21–A22. It is not the job of a correctional officer to commit sexual assault. Certainly the vast majority of searches are within the job function of a correctional officer. But Kuschel's search was not. The jury made that finding. A375. Kuschel's refusal to acknowledge this fact, even now, is puzzling. Instead, Kuschel ponders the "dire consequences" of holding correctional officers accountable for unconstitutional sexual assault. D.I. 26 at 24. "'[C]ritically low staffing levels'" and "'staff burnout'" are no excuse for sexual assault. *Id.* at 25.

Finally, Kuschel's cursory treatment of his indemnity is significant. As an initial matter, Kuschel suggests that wealth cannot be considered in determining a punitive damages award. *Id.* at 25–26. That is not the law. *See TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 462 & n.29 (citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21–22 (1991)); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 718 n.37 (3d Cir. 2010) ("A jury can consider the relative wealth of a defendant in deciding what amount is sufficient to inflict the intended punishment."). Moreover, as Judge

Higginbotham recognized, "Indemnification eliminates the supposed deterrence behind the punitive damages award. Government officials are in essence told that they are if not legally then financially individually immune from the consequences of their constitutional violations." *Keenan v. City of Phila.*, 983 F.2d 459, 480 (3d Cir. 1992) (Higginbotham, J., dissenting). Kuschel's indemnity therefore should have factored into the District Court's punitive considerations, but it did not.

Accordingly, this Court should conclude that the five reprehensibility factors weigh in Drumgo's favor and vacate the Order amending the judgment. Alternatively, this Court should remand for the District Court's application of the five reprehensibility factors and recalculation of the punitive damages award.

### B. Disparity

In attempting to obscure statistics which illuminate this "distasteful blight on the prison system," *see Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) (quotations omitted), Kuschel overlooks a key piece of Drumgo's disparity argument. Kuschel ignores the fact that inmate sexual victimization rose nearly 200% in just seven years. U.S. Dep't of Just., Office of Just. Programs, Bureau of Just. Stat., Sexual Victimization Reported by Adult Correctional Authorities, 2016–2018 1 (June 2021), https://bjs.ojp.gov/library/publications/sexual-victimization-reported-adult-correctional-authorities-2016-2018. He ignores the fact that 95% of sexual harassment incidents in American prisons led to no legal action (and thus no case

law for factual comparison).  U.S. Dep't of Just., Office of Just. Programs, Bureau of Just. Stat., Substantiated Incidents of Sexual Victimization Reported by Adult Correctional Authorities, 2016–2018 14 (Jan. 2023), https://bjs.ojp.gov/library/publications/substantiated-incidents-sexual-victimization-reported-adult-correctional.  And, critically important here, Kuschel ignores the fact that inmates who suffer sexual abuse at the hands of prison staff virtually never receive compensatory damages.  *Id.*

Instead, Kuschel implies that Drumgo must define with specificity how a district court should reconcile its jury's views with the views of juries past.  D.I. 26 at 19–20.  But there simply is no "mathematical bright line between the constitutionally acceptable and the constitutionally unacceptable that would fit every case."  *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 583 (1996) (quotations omitted).  Thus, a jury's punitive damages award should not be considered presumptively excessive, and therefore a violation of Due Process, simply because other, earlier cases with somewhat related fact patterns resulted in smaller jury awards.  Rather, "concerns of judicial overreaching dictate that trial judges view jury determinations of appropriate punitive damages with a measure of deference."  *Willow Inn, Inc. v. Pub. Serv. Mut. Ins. Co.*, 399 F.3d 224, 231 (3d Cir. 2005).

According proper deference to the jury protects against the misguided view that the first punitive damages award in a particular type of case—here, the sexual

assault of a clothed prisoner by a correctional officer—sets the parameters for all future awards for similar cases.  This view cannot and should not be correct, especially when the trier of fact finds otherwise.  *See Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 485 (7th Cir. 2003) ("Awards in other cases provide a reference point that assists the court in assessing reasonableness; they do not establish a range beyond which awards are necessarily excessive.").

This Court therefore should vacate the Order amending the judgment or remand with instructions to recalculate the punitive damages award.

## II.  *Dunn*'s Substantial Deference Standard Remains Good Law, and The District Court Failed to Accord Such Deference to the Jury's Punitive Damages Award.

Kuschel's first defense of the District Court's failure to accord proper deference, which questions the continued validity of *Dunn v. HOVIC*, misreads the case law.  D.I. 26 at 26.  In 1993, in *Dunn v. HOVIC*, an *en banc* panel of this Court held that *Pacific Mutual Life Insurance Co. v. Haslip*, a precursor to *State Farm*, required no more of a district court reviewing the constitutionality of a jury's punitive damages award than to accord "substantial deference" to the award.  1 F.3d 1371, 1381 (3d Cir.) (en banc), *as modified*, 13 F.3d 58 (3d Cir. 1993).  In 2003, in *State Farm*, the United States Supreme Court "instructed courts reviewing punitive damages to consider three guideposts . . . ."  538 U.S. at 418.  In 2005, in *Willow Inn, Inc. v. Public Service Mutual Insurance Co.*, this Court harmonized *Dunn*'s

substantial deference standard with *State Farm*'s guideposts. 399 F.3d 224, 231 (3d Cir. 2005). Nothing in subsequent case law suggests disavowal of this harmony. To the contrary, this Court cited *Willow Inn* for this proposition in *Jester v. Hutt*. 937 F.3d 233, 243 (3d Cir. 2019). Regardless of the label, the District Court failed to accord proper deference to the jury's fact-finding.

Kuschel's second defense, an attempt to skirt the fact that the jury was properly instructed and managed, ignores this Court's recognition in *Willow Inn* that a punitive damages award should be "free of irrationality, passion, and prejudice . . . ." *See* 399 F.3d at 231. Kuschel makes no attempt to rebut the presumption that the jury followed its instructions, *see Mills*, 821 F.3d at 463, which required it to consider the evidence rationally, without passion or prejudice, and to award punitive damages only if it found Kuschel's conduct to be malicious or wanton, A338–A339.

Kuschel's third defense, which accuses Drumgo of attempting to "revive the ratio guidepost," is a non-starter. It is undisputed that "the single-digit ratio analysis does not apply to punitive awards accompanying nominal damages awards." *Jester*, 937 F.3d at 242. The fact that the District Court reduced the punitive damages award here by 99% is evidence of something else entirely—the District Court's failure to trim only the unconstitutional excess. *See Dunn*, 1 F.3d at 1381; *Jester*, 937 F.3d at 243 (citing *Willow Inn*, 399 F.3d at 231).

Kuschel's final defense of the District Court's failure to accord proper deference highlights his remarkable belief that to recover punitive damages, Drumgo needed to prove "physical or mental injuries as a result of Kuschel's conduct." D.I. 26 at 27. Again, because so much of Kuschel's brief is devoted to this point, "it bears mentioning that beyond a doubt, punitive damages can be awarded in a civil rights case where a jury finds a constitutional violation, even when the jury has not awarded compensatory or nominal damages." *See Alexander v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000). Kuschel's contention that there was no evidence of "personal animus" is likewise irrelevant. D.I. 26 at 28. Finally, his citation to pre-*Haslip* dicta from the United States Court of Appeals of the Seventh Circuit, *id.*, does not support the District Court's substitution of its "view of the appropriate amount of punitive damages for the jury's determination," *see Willow Inn*, 399 F.3d at 231.

Ultimately, "Punitive damages awards are the product of numerous, and sometimes intangible, factors . . . ." *CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc.*, 499 F.3d 184, 195 (3d Cir. 2007) (quotations omitted). Here, the same Session of the District Court that handed Kuschel two pretrial wins—both of which were overturned—has now improperly second-guessed the jury's weighing of these factors. This Court therefore should vacate the Order amending the judgment or remand for recalculation under these principles.

## **CONCLUSION**

For the reasons elucidated above, this Court should vacate the Order amending the judgment or remand with instructions to recalculate the punitive damages award.

Dated: May 31, 2023        **McCARTER & ENGLISH, LLP**
         Wilmington, Delaware

                          */s/ Kate R. Buck*
                          Kate R. Buck, Esq. (DE # 5140)
                          405 North King Street, 8th Floor
                          Wilmington, DE 19801
                          (302) 984-6300
                          kbuck@mccarter.com

                          Ryan A. Richman, Esq.
                          (NJ # 040062011)
                          Connor E. Phalon, Esq.
                          (NJ # 163042015)
                          Four Gateway Center
                          100 Mulberry Street
                          Newark, NJ 07102
                          (973) 622-4444
                          rrichman@mccarter.com
                          cphalon@mccarter.com

                          Dean A. Elwell, Esq. (MA # 707149)
                          265 Franklin Street
                          Boston, MA 02110
                          (617) 449-6500
                          delwell@mccarter.com

                          *Attorneys for Appellant*
                          *DeShawn Drumgo*

## CERTIFICATION OF ADMISSION TO BAR

I, Kate R. Buck, certify as follows:

1.      I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 31, 2023

By: /s/ Kate R. Buck
         Kate R. Buck

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). This brief contains 2,759 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

This brief complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

This brief complies with the electronic filing requirements of Local Rule 31.1(c) because the text of this electronic brief is identical to the text of the paper copies, and the Vipre Virus Protection, version 3.1 has been run on the file containing the electronic version of this brief and no viruses have been detected.

Dated: May 31, 2023

By: /s/ Kate R. Buck
Kate R. Buck

## CERTIFICATE OF FILING AND SERVICE

I certify that on this 31st day of May, 2023, the foregoing Reply Brief was filed through CM/ECF system and served on all parties or their counsel of record through the CM/ECF system.

Dated: May 31, 2023

By: /s/ Kate R. Buck

Kate R. Buck